# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1012-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
## *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On January 14, 2019, Plaintiff Charles E. Greer, a former inmate of the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on January 16, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On June 3, 2019, Greer informed the Court that he is no longer incarcerated and provided his new address. (ECF No. 8.)[1]

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in monthly installments. 28 U.S.C.

---

[1] A Madison County Deputy Sheriff also sent a letter advising the Court that Greer was released on May 27, 2019. (ECF No. 9.)

§ 1915(b).  However, in this case, only $63.64 of the filing fee was paid prior to Greer's release.

Under these circumstances, "the obligation to pay the . . . fees is to be determined solely on the

question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*,

114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*,

716 F.3d 944, 951 (6th Cir. 2013).

Greer must either renew his pauper status or pay the remainder of the civil filing fee.

Therefore, he is ORDERED to submit, on or before July 15, 2019, either a properly completed and

signed non-prisoner *in forma pauperis* affidavit or the remaining $336.36 of the civil filing fee.[2]

The Clerk shall mail Greer a copy of the non-prisoner *in forma pauperis* affidavit form along with

this order.

Failure to comply with this order in a timely manner will result in the dismissal of this

action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to

prosecute.

Greer also has moved for the appointment of counsel.  (ECF No. 3.)  Because his complaint

is still in the screening phase and the Court has not yet directed that any Defendant should be

served with process, Greer's motion is premature.  The motion is therefore DENIED without

prejudice to refiling, if necessary, at a later, appropriate time.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The civil filing fee is $350.  28 U.S.C. § 1914(a).  Under § 1914(b) and the Schedule of Fees set out following the statute, an additional administrative fee of $50 for filing any civil case also is required.  Because that additional $50 fee does not apply if leave to proceed *in forma pauperis* is granted, only the $350 fee was assessed in the January 16, 2019, order.  However, if Greer does not renew his pauper status he will be responsible for the entire $400 fee.