# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. GREER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1012-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 18, 2019, the Court entered an order dismissing *pro se* Plaintiff Charles E. Greer's complaint and granting leave to file an amended complaint. (ECF No. 13.) On October 28, 2019, Greer filed what the Court will construe as an amended complaint. (ECF No. 14.) In addition, on November 12, 2019, Greer filed a "Motion Opposing to the Order Dismissing Complaint and Granting Leave to Amend." (ECF No. 16.)

In the document the Court presumes was intended as an amended complaint, Greer merely lists various general conditions at the Madison County Criminal Justice Complex (CJC), where he previously was confined. The conditions listed include double-celling of inmates in crowded conditions; confinement of inmates for more than one week in a cell without hot water; confinement of inmates in a building "unfit for human habitation" that is contaminated with mold; failure to maintain sanitary conditions with food storage, service and preparation; failure to protect

inmates from the likelihood of violent assault; failure to provide inmates with timely, minimal adequate medical care; confinement of inmates in segregation for more than one week without physical exercise; having to sleep on a concrete floor with only a plastic mat; having to "hold bodily wastes" for thirty minutes or more; and having to share an eight-man pod with nineteen or more inmates. (ECF No. 15.)

In Greer's motion "opposing" the dismissal with leave to amend, he recites portions of the Court's previous order. However, Greer also seems to request appointment of counsel and note that he cannot afford to pay the civil filing fee. (ECF No. 16 at PageID 95.) He describes the Court's previous order as a "misunderstanding" of whether he sought to sue the State of Tennessee, "a body of peoples," or the Madison County Sheriff's Department, "a indiv[idu]al." (*Id.* at PageID 96-97.) He states that his claim is "against the Madison County Sheriff's Department (CJC)" because "its [sic] were the Madison County Sheriff whom held and demonstrated those unconstitutional acts and behaverial [sic] action taken on the person of the plaintiff." (*Id.* at PageID 97.)

The Court previously granted Greer's motion to proceed *in forma pauperis*, (ECF No. 5), and also denied his motion to appoint him an attorney, (ECF No. 10 at PageID 71). The Court is not persuaded there is reason to revisit those orders.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 6 at PageID 30-31), and will not be reiterated here.

As the Court previously noted, the Madison County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Greer's suit is construed as against Madison County, which may be held liable *only* if Greer's injuries were sustained pursuant

to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). However, Greer does not allege that the problems at the CJC, or any injury he suffered as a result, are attributable to a policy or custom of Madison County. Indeed, as pointed out in the previous order, Greer does not allege he suffered any injury at all from the conditions of which he complains.

There is a suggestion in Greer's motion that he may intend to sue the Madison County Sheriff, (*see* ECF No. 16 at PageID 97), but the Sheriff is not actually identified. However, even if Greer does seek to sue the Sheriff individually, he does not allege any specific actions or omissions by the Sheriff. Instead, he appears to seek to hold the Sheriff personally responsible for the conditions at the CJC based solely on his position. That is not a sufficient basis for imposing liability under 42 U.S.C. § 1983.

In conclusion, the Court finds that Greer's amended complaint also fails to state a claim on which relief can be granted. Leave to further amend is DENIED, and this case is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Greer in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Greer would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Greer, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE